IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORTHSTAR DEMOLITION & REMEDIATION, LP,<br><br>Plaintiff,<br><br>v.<br><br>GLE ASSOCIATES, INC.,<br><br>Defendant. | CIV. NO. 21-1547 (SCC) |

## OPINION AND ORDER

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by GLE Associates, Inc. ("Defendant GLE"). Docket No. 15. Plaintiff Northstar Demolition & Remediation, LP ("Plaintiff Northstar") opposed the same, *see* Docket No. 18, and a timely reply from Defendant GLE followed, *see* Docket No. 22. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### I. BACKGROUND

On a date unknown to the Court, Defendant GLE was hired by Sears Roebuck of Puerto Rico, Inc. ("Sears") to render construction services. *See* Docket No. 18 at ¶ 4. Defendant

GLE then hired Plaintiff Northstar to serve as its subconsultant for the work that it would be doing for Sears. *Id; see also* Docket No. 2-1. That relationship is governed by the Master Professional Services Agreement ("MSA") which was executed by Northstar and Defendant GLE on December 20, 2016. *Id.* Thus, according to the MSA, Plaintiff Northstar occupied the role of Defendant GLE's subconsultant, Defendant GLE held the role of consultant and Sears was Defendant GLE's client.

Pursuant to the terms of the MSA, in early November 2018, Plaintiff Northstar "provided labor, services and materials to the [Sears Store]." Docket No. 1 at ¶ 6. On November 13, 2018, Plaintiff Northstar invoiced Defendant GLE for the total amount of $190,119.15 (the "Amount Due"). *Id.* at ¶ 7. According to Plaintiff Northstar, that is the outstanding balance for the work it performed in early November 2018 at the Sears Store. *Id.* And because Defendant GLE has yet to pay the Amount Due, plus accrued interests, Plaintiff Northstar filed this suit for breach of contract pursuant to Puerto Rico law (the "Complaint"). *Id.*

## II.  STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) motion, the Court must determine if Plaintiff Northstar's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]   To make such a determination, the Court embarks on a two-step analysis. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). First, while the Court is called to accept—in this case, Plaintiff Northstar's—well pleaded allegations as true, such a mandate does not mean that the Court is forever destined to do so, for "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not constitute well pleaded allegations under the Rule 12(b)(6) framework. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] While at this stage the Court cannot consider extrinsic evidence, for it is bound to accept Plaintiff Northstar's well-pleaded facts as true, the Court is allowed to "augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). And here, because the MSA, the invoice reflecting the purported Amount Due and the statement of account were incorporated by reference to the Complaint, the Court will consider the same. *See* Docket No. 1 at ¶¶ 5-8, and Docket Nos. 2-1 – 2-3.

Therefore, the Court must identify and disregard conclusory factual allegations because it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations and quotations omitted). Second, the Court examines whether the factual allegations—devoid of legal conclusions—allow "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendant GLE argues that the MSA's payment clause at paragraph 3.5 (the "Clause") is a condition precedent for it is a "conditional obligation subject to a 'suspensive condition.'" *See* Docket No. 15 at pg. 7.[2] The Clause reads as follows: "Consultant agrees to pay each accepted application within 10 days of receipt of its Client's payment of amounts due Consultant that include Subconsultant's application." *See* Docket No. 2-1 at ¶ 3.5. Under Defendant GLE's reading of

---

[2] In its Motion to Dismiss, Defendant GLE identified the Clause as a "pay-if-paid" clause. But in its Reply, it did not use that categorization when discussing the Clause. Nevertheless, Defendant GLE's argument regarding its understanding that the Clause entailed a condition precedent did not change.

NORTHSTAR DEMOLITION &
REMEDIATION, LP v. GLE ASSOCIATES, INC.                                        Page 5

the Clause, for it to be obligated to pay Plaintiff Northstar, it first had to be paid by Sears for the Amount Due. But because Sears—who is in the midst of bankruptcy proceedings—has yet to pay Defendant GLE the Amount Due, its obligation to pay Plaintiff Northstar has not been triggered. Therefore, according to Defendant GLE, the Complaint should be dismissed because Plaintiff Northstar has failed to set forth a plausible breach of contract claim since no breach has occurred.

For its part, Plaintiff Northstar does not dispute that Sears has yet to pay Defendant GLE the Amount Due. But it disagrees with Defendant GLE's understanding that the Clause entails a condition precedent. Instead, Plaintiff Northstar posits that the Clause is nothing more than a "pay-when-paid" clause that merely "defines the timing of when payment must be made." Docket No. 18 at pg. 8. Under Plaintiff Northstar's reading of the Clause, payment from Defendant GLE for the work done at the Sears Store was not conditioned upon payment of the Amount Due by Sears to Defendant GLE, for Plaintiff Northstar would be paid by Defendant GLE regardless of whether Sears paid or did not end up paying Defendant GLE. *Id.* As such, Plaintiff

Northstar contends that it never assumed the risk of Sears'
potential non-payment to Defendant GLE. *Id.* It adds that it
invoiced Defendant GLE for the Amount Due and the invoice
specified that payment should be made within 30 days. *Id.* Per
Plaintiff Northstar, this follows that it expected payment of
the Amount Due to be made within that timeframe and not
when Sears paid Defendant GLE for the Amount Due.[3] *Id.* In
the alternative, Plaintiff Northstar asks the Court to abstain
from entertaining Defendant GLE's argument at such an early
stage of the proceedings and to wait until the factual record is
further developed due to what it has identified as two
clashing interpretations of the Clause. *Id.* at pg. 13.

The Parties agree that Puerto Rico law governs this
contractual dispute.[4] "Under Puerto Rico law, '[i]f the terms
of a contract are clear and leave no doubt as to the intentions
of the contracting parties, the literal sense of its stipulations
shall be observed.'" *P.R. Tel. Co. v. Advanced Cellular Sys., Inc.,*
483 F.3d 7, 12 (1st Cir. 2007) (quoting P.R. Laws Ann. tit 31 §

---

[3] Interestingly, Plaintiff Northstar waited until November 2021 to file this suit.

[4] The Parties cite to the Puerto Rico Civil Code of 1930 since the purported breach and execution of the MSA occurred before the enactment of the Puerto Rico Civil Code of 2020.

NORTHSTAR DEMOLITION &
REMEDIATION, LP v. GLE ASSOCIATES, INC.                                    Page 7

3471). To determine if a contractual provision is "clear," the
provision in question must "be understood in one sense
alone, without leaving any room for doubt, controversies or
difference of interpretation, and without necessitating for
their understanding any reasoning or illustration susceptible
to challenge." *Catullo v. Metzner,* 834 F.2d 1075, 1079 (1st Cir.
1987) (citations and quotations omitted). And if the
contractual provision is "clear," the Court need not turn to
extrinsic evidence to ascertain the parties' intentions, for it is
only when the Court is faced with the opposite scenario, that
it must consider extrinsic evidence. *See Borschow Hosp. & Med.
Supplies, Inc. v. Cesar Castillo Inc.,* 96 F.3d 10, 16 (1st Cir. 1996)
(explaining that "extrinsic evidence of the parties' intent is
inadmissible in the face of a clear and unambiguous contract
terms under Puerto Rico Law.").

   At this stage, the Court cannot say in all certainty that the
Clause is "clear." Not only is the Clause poorly drafted, but
further militating in favor of denying the Motion to Dismiss
is the fact that the Puerto Rico Supreme Court has yet to
address "pay-if-paid" vis-à-vis "pay-when-paid" clauses,
clauses which as discussed in *Mid-N. Eng'g. Corp. v. Autoridad
de Carreteras*, DAC2002-3354, 2006 WL 314393 (P.R. Cir. Jan.

19, 2006), stem from "North American jurisprudence." *See*
Docket No. 24-2 at pg. 12. Puerto Rico case law interpreting
these clauses is scarce and Defendant GLE directed the Court
to only two Puerto Rico Court of Appeals decisions
discussing "pay-if-paid" and "paid-when-paid" clauses, to
wit, *Cemex de P.R., Inc.* v. *P.R. Used Oil Collectors, Inc.*,
KLAN200900279, 2009 WL 4577032 (P.R. Cir. Sept. 21, 2009)
and *Mid-N. Eng'g. Corp.*[5] But even those opinions provide
little guidance.

In *Mid-N. Eng'g. Corp.*, the Puerto Rico Court of Appeals
noted that "pay-if-paid" and "paid-when-paid" clauses were
fundamentally different. The *Mid-N. Eng'g.* court stated that
"'pay when paid' is merely a mechanism of a delayed
payment, which only specifies the moment of the collection
for the work performed, which in any other manner is not
subject to a contingency related to the certainty of its
payment." *See* Docket No. 24-2 at pgs. 16-17. It added that

---

[5] The Court independently identified a third case, to wit, *Álvarez-Cruz v.
Municipio de Utuado*, KLAN201500203, 2015 WL 3777293 (P.R. Cir. April
30, 2015). However, the same was in the Spanish language, appears to
have relegated the "pay-if-paid" and "paid-when-paid" distinction to a
secondary role, instead focused on the nature of the clause at issue and
ultimately held that the clause at issue in that case entailed a suspensive
condition.

"'pay if paid' implies, in addition to the postponement of the payment, the possibility that the sub-contractor will not collect for its work in case the principal contractor cannot collect from the owner of the project; a risk which otherwise a sub-contractor does not share with the principal contract." *Id.* at pg. 17. Other than stating that "paid-when-paid" clauses are not subject "to a contingency" regarding payment, the case does not provide a comprehensive discussion regarding suspensive conditions vis-à-vis "paid-when-paid" and "pay-if-paid" clauses. And ultimately, what was labeled as a "paid-when-paid" clause at issue in that case was not used by the court to render its final decision. Meanwhile, in *Cemex*, the Puerto Rico Court of Appeals catalogued a "paid-when-paid" clause as a suspensive condition, therefore leaving the door open to the possibility that a "paid-when-paid" clause could very well be categorized as a condition precedent.

Therefore, while it is still very much within the realm of possibilities that the Clause is in fact a condition precedent, at this juncture, the Court deems necessary for the parties to engage in discovery to flesh out the factual record, *e.g.,* did Defendant GLE even attempt to seek the Amount Due from

Sears, and for the Parties to further brief the Court[6] regarding pay-if-paid and pay-when-paid clauses, and if the direct action found in Article 1489 of the Puerto Rico Civil Code[7] would still be available to Plaintiff Northstar notwithstanding the provisions in the MSA.

### IV. CONCLUSION

In light of the above, the Motion to Dismiss at Docket No. 15 is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of September 2022.


S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[6] This must be done bearing in mind that "[P]laintiff chose a federal, rather than a state forum, presumably cognizant of this court's statement that 'litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed.'" *Jordan v. Hawker Dayton Corp.,* 62 F.3d 29, 32 (1st Cir. 1995) (quoting *Ryan v. Royal Ins. Co. of America,* 916 F.2d 731, 744 (1st Cir.1990)). Therefore, this Court will "not create new rules or significantly expand existing rules." *See Phoung Luc v. Wyndham Mgmt. Corp.,* 496 F.3d 85, 88 (1st Cir. 2007). Therefore, this Court will merely attempt to "make an informed prophecy" as to how Puerto Rico's highest court could rule. *See N. Am. Specialty Ins. Co. v. Lapalme,* 258 F.3d 35, 38 (1st Cir. 2001).

[7] *See* P.R. LAWS ANN. Tit. 31, § 4130 (stating that [t]hose who furnish their labor and materials in a work agreed upon for a lump sum by a contractor have no action against the owner, except for the amount the latter may owe the former when the action is brought.").